## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BERNARDO MEDINA-VILORIO | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO.: |
| | : | |
| v. | : | |
| | : | **JURY TRIAL DEMANDED** |
| JASON R. HOFFMAN, ABF FREIGHT | : | |
| SYSTEM, INC., ARC BEST | : | |
| CORPORATION and JOHN DOES 1-5 | : | |
| (fictitious owners, true identities unknown) | : | |
| Defendants. | : | |
| | : | |

## NOTICE OF REMOVAL OF ACTION

Defendants, ABF Freight System, Inc. by and through its attorneys, Salmon Ricchezza Singer & Turchi, LLP, respectfully aver as follows:

1.     On or around October 18, 2021, plaintiff commenced a civil action against defendants in Superior Court of New Jersey in Passaic County, New Jersey.  See Exhibit "A" – Plaintiff's Complaint.

2.     The Summons and Complaint were received by ABF Freight System, Inc. no earlier than October 25, 2021.

3.     This Notice of Removal is filed within the time provided by 28 U.S.C. §1446(b).

4.     This action satisfies the requirements for removal within the meaning of 28 U.S.C. §1332 in that:

   a)     Plaintiff's and Defendant's citizenships are diverse;

      1)     Plaintiffs are residents and citizens of the State of New Jersey. According to the Complaint, plaintiff resides in the City of Paterson, County of Passaic, New Jersey.

{00423203.DOCX}

2)     Defendant ABF Freight Systems, Inc. is a corporation incorporated under the laws of the State of Arkansas with its principal place of business located in Fort Smith, Arkansas.

3)     Defendant, Jason Hoffman, is a resident and citizen of Carlisle, Pennsylvania.

b)     The amount in controversy exceeds $75,000, exclusive of interest and costs.  In the Complaint, plaintiffs claim damages for the following:

> 11.  As a direct and proximate result of the aforementioned negligence of the Defendant, JASON R. HOFFMAN, the Plaintiff, BERNARDO MEDINA-VILORIO sustained severe and painful injuries and was bruised, wounded and contused about the head, body and limbs both externally and internally, specifically sustained injuries including but not limited to his neck, lower back and arms.  Therefore, he was rendered sick, sore, lame and disabled and suffered a shock to his nervous system, and was diseased and disordered, and was compelled to endure great pain, suffering mental anguish, and was otherwise grievously, painfully and severely injured, some of which injuries he is informed and believes to be permanent in nature and was unable and will be unable to attend his regular duties and functions, thereby suffering loss and has expended considerable sums of money for medical, hospital and psychological care and attention.

See Exhibit "A" – Plaintiff's Complaint at ¶11.

5.     Therefore, a fair reading of the Complaint reveals that an amount in excess of $75,000 is at controversy in this suit.

6.     The undersigned shall also represent defendant Jason R. Hoffman when he is served with the Complaint.  He has no objection to this removal.

{00423203.DOCX}

WHEREFORE, defendant ABF Freight System, Inc. respectfully requests that the above action now pending in the Superior Court of New Jersey in Passaic County, New Jersey, be removed therefrom to this Court.

Respectfully submitted,

SALMON RICCHEZZA SINGER & TURCHI, LLP

By: _/s/Dawn Jennings_

Dawn L. Jennings
Jon Michael Dumont
123 Egg Harbor Road, Suite 406
Sewell, NJ 08080
(856) 354-8074
djennings@srstlaw.com
_Attorneys for Defendants_
ABF Freight System, Inc.

Dated: April 15, 2021

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the within-captioned Notice of Removal of Action was served on the below listed counsel of record via electronic mail and first-class U.S. mail, postage prepaid, upon:

Peter J. Koulikourdis, Esquire
Koulikourdis and Associates
Hudson Professional Building
45 Hudson Street
Hackensack, NJ 07601
*Attorneys for Plaintiff*

SALMON RICCHEZZA SINGER & TURCHI, LLP

By: _/s/ Dawn Jennings_
        Dawn L. Jennings

Dated:

# EXHIBIT A

# MEMORANDUM

TO:        Mark Stallings

DATE:      10/25/2021

FROM:      Judy Wilson
           ArcBest Legal

           Re:  Bernardo Medina-Vilorio v ArcBest Corporation, Dft.

           Court:  Superior Court of New Jersey

           Case #:  PAS-L-3286-21

           Date of loss:  10/21/2019

           Answer due:  35 Days

Enclosed please find: SOP Papers with Transmittal

We will not take further action unless requested by you to do so.

DEPARTMENTAL

## VERIFICATION OF RECEIPT OF SERVICE OF PROCESS

**If you accept responsibility for these documents, sign, date and RETURN THIS COVER SHEET to the Legal Department WITHIN ONE BUSINESS DAY.**

**If you do not accept responsibility for these documents, RETURN all documents to the legal dept. WITHIN ONE BUSINESS DAY.**

**I accept the above referenced documents.**

**Signed:**

_____

**Dated:**

_____

**RECEIVED**

OCT 2 5 2021

**LEGAL DEPT.**

| | |
|---|---|
| Attorney(s): | Peter J. Koulikourdis, Esq. |
| Attorney Id No.: | 001991990 |
| Law Firm: | **Koulikourdis & Associates** |
| Address: | **45 Hudson Street,** |
| | **Hackensack, N.J. 07601** |
| | |
| Telephone No.: | **(201) 489-6644** |
| Fax No.: | **(201) 489-3575** |
| E-mail: | **Pkoulikourdis@aol.com** |
| Attorney(s) for Plaintiff(s): Bernardo Medina-Vilorio | |

SUPERIOR COURT OF NEW JERSEY

LAW DIVISION

Passaic COUNTY

Bernardo Medina-Vilorio,

Plaintiff(s)

vs.

ARCBEST Corporation,

DOCKET NO.: **PAS-L-3286-21**

CIVIL ACTION

## Summons

Defendant(s)

### FROM THE STATE OF NEW JERSEY

To the Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is provided and available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of **$ 175.00**          and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

31 - Summons - Law or Chancery Divisions
Superior Court - Appendix XII-A - CN 10792
Rev 11/14   PS/17

Printed by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.
www.aslegal.com   800.222.0510   Page 1

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey statewide hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is provided and available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

Date:    **October 18, 2021**

            **Michelle M. Smith, Esq.** *Clerk of the Superior Court*

Name of Defendant to be Served: **ARCBEST Corporation**

Address of Defendant to be Served: **3801 Old Greenwood Road, Apt. 72903**
**Fort Smith, Arkansas 72903**

31 - Summons - Law or Chancery Divisions
Superior Court - Appendix XII-A - CN 10792
Rev. 11/14 P8/17

Printed by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.
www.aslegal.com   800.222.0510    Page 2

## Directory of Superior Court Deputy Clerk's Offices
## County Lawyer Referral and Legal Services Offices

**ATLANTIC COUNTY**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Floor
Atlantic City, NJ 08401
LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main Street
Hackensack, NJ 07601
LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Floor, Courts Facility
49 Rancocas Road
Mt. Holly, NJ 08060
LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

**CAMDEN COUNTY**
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice, First Floor
101 South Fifth Street, Suite 150
Camden, NJ 08103
LAWYER REFERRAL
(856) 482-0618
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY**
Deputy Clerk of the Superior Court
9 North Main Street
Cape May Court House, NJ 08210
LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY**
Deputy Clerk of the Superior Court
Civil Case Management Office
60 West Broad Street, P.O. Box 10
Bridgeton, NJ 08302
LAWYER REFERRAL
(856) 696-5550
LEGAL SERVICES
(856) 691-0494

**ESSEX COUNTY**
Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102
LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake, First Floor, Court House
1 North Broad Street
Woodbury, NJ 08096
LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Department
Brennan Court House, First Floor
583 Newark Avenue
Jersey City, NJ 07306
LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822
LAWYER REFERRAL
(908) 236-6109
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 South Broad Street, P.O. Box 8068
Trenton, NJ 08650
LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY**
Deputy Clerk of the Superior Court
Middlesex Vicinage
Second Floor - Tower
56 Paterson Street, P.O. Box 2633
New Brunswick, NJ 08903-2633
LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY**
Deputy Clerk of the Superior Court
Court House
P.O. Box 1269
Freehold, NJ 07728-1269
LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY**
Morris County Courthouse
Civil Division
Washington and Court Streets
P.O. Box 910
Morristown, NJ 07963-0910
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY**
Deputy Clerk of the Superior Court
118 Washington Street, Room 121
P.O. Box 2191
Toms River, NJ 08754-2191
LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505
LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY**
Deputy Clerk of the Superior Court
Attn: Civil Case Management Office
92 Market Street
Salem, NJ 08079
LAWYER REFERRAL
(856) 935-5629
LEGAL SERVICES
(856) 691-0494

**SOMERSET COUNTY**
Deputy Clerk of the Superior Court
Civil Division
P.O. Box 3000
40 North Bridge Street
Somerville, NJ 08876
LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY**
Deputy Clerk of the Superior Court
First Floor, Court House
2 Broad Street
Elizabeth, NJ 07207-6073
LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-1500
LAWYER REFERRAL
(908) 859-4300
LEGAL SERVICES
(908) 475-2010

*Updated: 8/21/13*

Printed by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.
www.aslegal.com    800.222.0510    Page 3

Peter J. Koulikourdis, Esq.
001991990
**KOULIKOURDIS AND ASSOCIATES**
Hudson Professional Building
45 Hudson Street
Hackensack, NJ 07601
(201) 489-6644
*Attorneys for Plaintiff, Bernardo Medina-Vilorio.*

| | |
|---|---|
| BERNARDO MEDINA-VILORIO.      : | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: PASSAIC COUNTY |
| Plaintiff,      : | DOCKET NO.: PAS-L- |
| –vs–      : | **CIVIL ACTION** |
| JASON R. HOFFMAN, ABF FREIGHT : SYSTEM, INC., ARCBEST CORPORATION : and JOHN DOES 1-5 (fictitious owners, true : identities unknown).      : | **COMPLAINT, DESIGNATION OF TRIAL COUNSEL, JURY DEMAND, DEMAND FOR ANSWERS TO INTERROGATORIES.** |
| Defendant(s).      : | |

Plaintiff, BERNARDO MEDINA-VILORIO, currently residing in the City of Paterson,

County of Passaic, by way of Complaint against the Defendant(s), JASON R. HOFFMAN, ABF

FREIGHT SYSTEM, INC., ARC BEST CORPORATION, and JOHN DOES 1-5 (fictitious

owners, true identities unknown), hereby states as follows:

## FACTS APPLICABLE TO ALL COUNTS

1.     At all times hereinafter mentioned, the Plaintiff, BERNARDO MEDINA-

VILORIO was the owner and operator of a motor vehicle described as a 2004 Mazda MZ6

bearing a New Jersey license plate number.

2.     At all times hereinafter mentioned, the Defendant, JASON R. HOFFMAN was

the operator of a motor vehicle, specifically a 2018 tractor trailer truck bearing an Oklahoma
license plate number.

3.      At all times hereinafter mentioned, the Defendant, ABF FREIGHT SYSTEM,
INC acted as a subsidiary of co-defendant, ARCBEST CORPORATION,  and owner of the
motor vehicle operated by Co-Defendant(s), JASON R. HOFFMAN, described as a 2018 tractor
trailer truck bearing an Oklahoma license plate number, headquartered Fort Smith, Arkansas.

4.      At all times hereinafter mentioned, the Defendant, ARCBEST CORPORATION
acted as a logistics company, headquartered in Arkansas,  specializing in the nationwide
transportation of freight, also acting as the controlling corporation of its subsidiaries, including
but not limited to Co-Defendant, ABF FREIGHT SYSTEM, INC,

5.      At all times hereinafter mentioned, the Defendant(s), JOHN DOES 1-5 (fictitious
owners, true identities unknown) were certain unknown and/or identifiable owners of a motor
vehicle, involved in the subject accident.

## FIRST COUNT–MEDINA-VILORIO V. HOFFMAN

6.      Plaintiff repeats, re-iterates and re-alleges each and every allegation contained in
the Facts Applicable to All Counts and incorporates same herein by way of reference.

7.      On or about October 21, 2019, the Plaintiff, BERNARDO MEDINA-VILORIO
was the owner and operator of a motor vehicle, described as a 2004 Mazda MZ6, specifically
traveling on Interstate 80 Westbound, milepost 59 within the City of Paterson, County of Passaic,
State of New Jersey.

8.      At or about the above time and place, the Defendant, JASON R. HOFFMAN was
the operator of a motor vehicle described as a 2018 tractor trailer truck bearing an Oklahoma
license plate number, also traveling in or about the middle lane of Interstate 80 Westbound to

the left of the Plaintiff's motor vehicle, at or about milepost 59 within the City of Paterson, County of Passaic, State of New Jersey.

9.      Suddenly, unexpectedly, and without warning, and with great force and impact as the Defendant, JASON R. HOFFMAN was operating his truck on Route 80 westbound beside the Plaintiff, his trailer became unstable, proceeding to cross into the right lane of travel, thereby striking the motor vehicle owned and operated by the Plaintiff, BERNARDO MEDINA-VILORIO  with great force and impact, resulting in said motor vehicle running off of the roadway and striking a curb. The Plaintiff sustained serious and significant injuries and property damage as a result of the collision

10.     The negligence of the Defendant, JASON R. HOFFMAN consisted of, among other things, the following:

a.      Defendant failed and omitted to have the vehicle under safe and proper control;

b.      Defendant failed and omitted to keep a safe and proper lookout;

c.      Defendant failed to respect the rights, responsibilities, obligations, and rules of the road in which he was operating her motor vehicle, resulting in a serious and significant collision;

d.      Defendant failed to properly secure his cargo prior to operating his truck on the date of accident, resulting in an unstable load and subsequent motor vehicle collision;

e.      Defendant failed and neglected in many other respects to operate, manage and drive the motor vehicle as provided by law.

11.     As a direct and proximate result of the aforementioned negligence of the Defendant, JASON R. HOFFMAN, the Plaintiff, BERNARDO MEDINA-VILORIO sustained

severe and painful injuries and was bruised, wounded and contused about the head, body and limbs, both externally and internally, specifically sustaining injuries including but not limited to his neck, lower back, and arms. Therefore, he was rendered sick, sore, lame and disabled and suffered a shock to his nervous system, and was diseased and disordered, and was compelled to endure great pain, suffering mental anguish, and was otherwise grievously, painfully and severely injured, some of which injuries he is informed and believes to be permanent in nature and was unable and will be unable to attend his regular duties and functions, thereby suffering loss and has expended considerable sums of money for medical, hospital and psychological care and attention.

WHEREFORE, the Plaintiff, BERNARDO MEDINA-VILORIO demands judgment against the Defendant, JASON R. HOFFMAN for damages, interest, costs of suit and other such relief the Court may deem just and equitable.

## SECOND COUNT–MEDINA-VILORIO V. ABF FREIGHT SYSTEM, INC.

12.     Plaintiff repeats, re-iterates, and re-alleges each and every allegation as contained in the Facts Applicable to All Counts and the First Count and incorporates same herein by way of reference.

13.     On or about October 21, 2019, the Plaintiff, BERNARDO MEDINA-VILORIO was the owner and operator of a motor vehicle, described as a 2004 Mazda MZ6, specifically traveling on Interstate 80 Westbound, milepost 59 within the City of Paterson, County of Passaic, State of New Jersey.

14.     At or about the above time and place, the Co-Defendant, JASON R. HOFFMAN was the operator of a motor vehicle, described as a 2018 tractor trailer truck

bearing an Oklahoma license plate number, also traveling in or about the middle lane of

Interstate 80 Westbound to the left of the Plaintiff's motor vehicle, at or about milepost 59

within the City of Paterson, County of Passaic, State of New Jersey.

15.    At the aforementioned time and place, the vehicle owned by Defendant(s),

ABF FREIGHT SYSTEM, INC., was operated by Co-Defendant, Agent, Employee, and/or

Servant, when a collision resulted between the Plaintiff and Defendant's motor vehicle,

thereby causing the Plaintiff to sustain serious and significant injuries.

16.    The Defendant, ABF FREIGHT SYSTEM, INC was vicariously liable for the

actions of its agent, servant, and/or employee, as said Defendant had a duty:

a.    To have its agents, servants and/or employees, including but not limited to Co-

Defendant, JASON R. HOFFMAN keep a safe and proper lookout; and in violation of this

duty, failed to have his agents, servants and/or employees keep a safe and proper lookout,

including being observant to other vehicles in close proximity to the Plaintiff on the roadway

in which the Defendants traveled at the time of the Plaintiff's accident;

b.    To have its agents, servants and/or employees including but not limited to CO-

Defendant, JASON R. HOFFMAN operate the motor vehicle at a reasonable speed for the

circumstances; and in violation of this duty failed to have its agents, servants and/or

employees operate the motor vehicle at a reasonable speed for the circumstances;

c.    To have its agents, servants, and/or employees, including but not limited

to CO-Defendant, JASON R. HOFFMAN operate the motor vehicle under safe and proper

control, and in violation of this duty, failed to have its agents, servants and/or employees

operate the motor vehicle under proper control;

d.    To have its agents, servants, and/or employees, including but not limited to

CO-Defendant, JASON R. HOFFMAN, properly ensure that the cargo being transported by his motor vehicle was safe and secure in such a way that it would not become loose or dislodged as it was traveling on a highway or minor roadway;

e.    To have his agents, servants, and/or employees, including but not limited to CO-Defendant, JASON R. HOFFMAN operate the motor vehicle in many other respects as provided by law.

17.    Defendant(s), ABF FREIGHT SYSTEM, INC., through various agents, servants, and/or employees, failed and neglected in many other respects to operate, manage and drive the motor vehicle as provided by law.

18.    As a direct and proximate result of the aforementioned negligence of the Defendant, ABF FREIGHT SYSTEM, INC, the Plaintiff, BERNARDO MEDINA-VILORIO sustained severe and painful injuries and was bruised, wounded and contused about the head, body and limbs, both externally and internally, specifically sustaining injuries including but not limited to his neck, lower back, and arms.  Therefore, he was rendered sick, sore, lame and disabled and suffered a shock to her nervous system, and was diseased and disordered, and was compelled to endure great pain, suffering mental anguish, and was otherwise grievously, painfully and severely injured, some of which injuries he is informed and believes to be permanent in nature and was unable and will be unable to attend her regular duties and functions, thereby suffering loss and has expended considerable sums of money for medical, hospital and psychological care and attention.

WHEREFORE, the Plaintiff, BERNARDO MEDINA-VILORIO demands judgment against the Defendant, ABF FREIGHT SYSTEM, INC., for damages, interest, costs of suit and other such relief the Court may deem just and equitable.

## THIRD COUNT–MEDINA-VILORIO V. ARCBEST CORPORATION,

19.     Plaintiff repeats, re-iterates, and re-alleges each and every allegation as contained in the Facts Applicable to All Counts the First Count and Second Count and incorporates same herein by way of reference.

20.     On or about October 21, 2019, the Plaintiff, BERNARDO MEDINA-VILORIO was the owner and operator of a motor vehicle, described as a 2004 Mazda MZ6, specifically traveling on Interstate 80 Westbound, milepost 59 within the City of Paterson, County of Passaic, State of New Jersey.

21.     At or about the above time and place, the Co-Defendant, JASON R. HOFFMAN was the operator of a motor vehicle, described as a 2018 tractor trailer truck bearing an Oklahoma license plate number, also traveling in or about the middle lane of Interstate 80 Westbound to the left of the Plaintiff's motor vehicle, at or about milepost 59 within the City of Paterson, County of Passaic, State of New Jersey.

22.     At the aforementioned time and place, the vehicle owned by Co-Defendant(s), ABF FREIGHT SYSTEM, INC., a wholly-owned subsidiary of the Defendant, ARCBEST CORPORATION, was operated by Co-Defendant, Agent, Employee, and/or Servant, when a collision resulted between the Plaintiff and Defendant's motor vehicle, thereby causing the Plaintiff to sustain serious and significant injuries.

23.     The Defendant, ARCBEST CORPORATION was vicariously liable for the actions of its agent, servant, and/or employee, as said Defendant had a duty:

a.      To have its agents, servants and/or employees, including but not limited to Co-Defendant, JASON R. HOFFMAN keep a safe and proper lookout; and in violation of this duty, failed to have his agents, servants and/or employees keep a safe and proper lookout,

including being observant to other vehicles in close proximity to the Plaintiff on the roadway

in which the Defendants traveled at the time of the Plaintiff's accident;

      b.      To have its agents, servants and/or employees including but not limited to CO-

Defendant, JASON R. HOFFMAN operate the motor vehicle at a reasonable speed for the

circumstances; and in violation of this duty failed to have its agents, servants and/or

employees operate the motor vehicle at a reasonable speed for the circumstances;

      c.      To have its agents, servants, and/or employees, including but not limited

to CO-Defendant, JASON R. HOFFMAN operate the motor vehicle under safe and proper

control, and in violation of this duty, failed to have its agents, servants and/or employees

operate the motor vehicle under proper control;

      d.      To have its agents, servants, and/or employees, including but not limited to

CO-Defendant, JASON R. HOFFMAN and Co-Defendant ABF FREIGHT SYSTEM, INC.,

properly ensure that the cargo being transported by the defendant motor vehicle was safe and

secure in such a way that it would not become loose or dislodged as it was traveling on a

highway or lesser known roadway;

      e.      To have its agents, servants, and/or employees, including but not limited to

CO-Defendant, ABF FREIGHT SYSTEM, INC. Properly implement roadway & traffic

safety guidelines for their drivers including but not limited to Co-Defendant driver, JASON

R. HOFFMAN;

      f.      To have his agents, servants, and/or employees, including but not limited to

CO-Defendant, JASON R. HOFFMAN operate the motor vehicle in many other respects as

provided by law.

      g.      To respect the rights of the motor vehicle in which the Plaintiff was a driver

and to respect the rules of the road in such case made and provided.

24.  Defendants ARCBEST CORPORATION, through various agents, servants, and/or employees, failed and neglected in many other respects to operate, manage and drive the motor vehicle as provided by law.

25.  As a direct and proximate result of the aforementioned negligence of the Defendant, ARCBEST CORPORATION, the Plaintiff, BERNARDO MEDINA-VILORIO sustained severe and painful injuries and was bruised, wounded and contused about the head, body and limbs, both externally and internally, specifically sustaining injuries including but not limited to his neck, lower back, and arms. Therefore, he was rendered sick, sore, lame and disabled and suffered a shock to her nervous system, and was diseased and disordered, and was compelled to endure great pain, suffering mental anguish, and was otherwise grievously, painfully and severely injured, some of which injuries he is informed and believes to be permanent in nature and was unable and will be unable to attend her regular duties and functions, thereby suffering loss and has expended considerable sums of money for medical, hospital and psychological care and attention.

WHEREFORE, the Plaintiff, BERNARDO MEDINA-VILORIO demands judgment against the Defendant, ARCBEST CORPORATION for damages, interest, costs of suit and other such relief the Court may deem just and equitable.

## FOURTH COUNT–MEDINA-VILORIO v. HOFFMAN, ABF FREIGHT SYSTEM, INC, and ARCBEST CORPORATION

26.  The Plaintiff repeats, re-iterates, and re-alleges each and every allegation as set forth in all previous counts, including Count One, Count Two, and Count Three, and incorporates same herein by way of reference.

27.   On or about October 21, 2019, the Plaintiff, BERNARDO MEDINA-VILORIO was the owner and operator of a motor vehicle, described as a 2004 Mazda MZ6, specifically traveling on Interstate 80 Westbound, milepost 59 within the City of Paterson, County of Passaic, State of New Jersey.

28.   At or about the above time and place, the Co-Defendant, JASON R. HOFFMAN was the operator of a motor vehicle, described as a 2018 tractor trailer truck bearing an Oklahoma license plate number, also traveling in or about the middle lane of Interstate 80 Westbound to the left of the Plaintiff's motor vehicle, at or about milepost 59 within the City of Paterson, County of Passaic, State of New Jersey.

29.   At the aforementioned time and place, the vehicle was owned by Co-Defendant(s), ABF FREIGHT SYSTEM, INC., a wholly-owned subsidiary of the Defendant, ARCBEST CORPORATION.

30.   Suddenly and without warning, a serious and significant collision took place, whereby the Plaintiff sustained serious and significant injuries.

31.   As a result of said injuries, he was required to undergo medical treatment with various medical providers, including but not limited to Redefine Healthcare in Paterson, N.J. and St. Joseph's Medical Center, also in Paterson, N.J.

32.   Therefore, the Plaintiff incurred substantial medical expenses as a result of his treatment.

33.   On the date of loss, it was discovered that the Plaintiff possessed no qualifying PIP insurance policy which would pay for any and all medical expenses incurred as a result of his motor vehicle accident. As such, the Plaintiff was not able to utilize a policy of personal injury protection (PIP) benefits at the time of his accident to cover his outstanding medical

expenses.

34.     But for the Plaintiff's motor vehicle accident the subject of this Complaint, he

would not have chosen to treat with any medical providers including those as noted in the

previous paragraph.

WHEREFORE, the Plaintiff, BERNARDO MEDINA-VILORIO demands judgment

against the Defendant(s), JASON R. HOFFMAN, ABF FREIGHT SYSTEM, INC., and

ARCBEST CORPORATION, jointly and severally, for damages including but not limited to

said amounts as incurred the result of medical treatment rendered to the Plaintiff after the

subject accident, related to the subject accident, and any other relief that the Court deems just

and proper.

## FIFTH COUNT–MEDINA-VILORIO V. JOHN DOES 1-5 (fictitious owners, true identities unknown).

35.     Plaintiff repeats, re-iterates, and re-alleges each and every allegation as

contained in the Facts Applicable to All Counts the First Count, Second Count, Third Count,

and Fourth Count, and incorporates same herein by way of reference.

36.     On or about October 21, 2019, the Plaintiff, BERNARDO MEDINA-

VILORIO was the owner and operator of a motor vehicle, described as a 2004 Mazda MZ6,

specifically traveling on Interstate 80 Westbound, milepost 59 within the City of Paterson,

County of Passaic, State of New Jersey.

37.     At or about the above time and place, the Co-Defendant, JASON R.

HOFFMAN was the operator of a motor vehicle, described as a 2018 tractor trailer truck

bearing an Oklahoma license plate number, also traveling in or about the middle lane of

Interstate 80 Westbound to the left of the Plaintiff's motor vehicle, at or about milepost 59

within the City of Paterson, County of Passaic, State of New Jersey.

38.     At the aforementioned time and place, the vehicle owned by the Defendant(s), JOHN DOES 1-5 (fictitious owners, true identities unknown), was operated by Co-Defendant, Agent, Employee, and/or Servant, when a collision resulted between the Plaintiff and Defendant's motor vehicle, thereby causing the Plaintiff to sustain serious and significant injuries.

39.     The Defendant(s), JOHN DOES 1-5 (fictitious owners, true identities unknown) were vicariously liable for the actions of its agent, servant, and/or employee, as said Defendants had a duty:

a.     To have its agents, servants and/or employees, including but not limited to Co-Defendant, JASON R. HOFFMAN keep a safe and proper lookout; and in violation of this duty, failed to have his agents, servants and/or employees keep a safe and proper lookout, including being observant to other vehicles in close proximity to the Plaintiff on the roadway in which the Defendants traveled at the time of the Plaintiff's accident;

b.     To have its agents, servants and/or employees including but not limited to CO-Defendant, JASON R. HOFFMAN operate the motor vehicle at a reasonable speed for the circumstances; and in violation of this duty failed to have its agents, servants and/or employees operate the motor vehicle at a reasonable speed for the circumstances;

c.     To have its agents, servants, and/or employees, including but not limited to CO-Defendant, JASON R. HOFFMAN operate the motor vehicle under safe and proper control, and in violation of this duty, failed to have its agents, servants and/or employees operate the motor vehicle under proper control;

d.     To have its agents, servants, and/or employees, including but not limited to

CO-Defendant, JASON R. HOFFMAN and Co-Defendant ABF FREIGHT SYSTEM, INC., properly ensure that the cargo being transported by the defendant motor vehicle was safe and secure in such a way that it would not become loose or dislodged as it was traveling on a highway or lesser known roadway;

e.     To have its agents, servants, and/or employees, including but not limited to CO-Defendant, ABF FREIGHT SYSTEM, INC. Properly implement roadway & traffic safety guidelines for their drivers including but not limited to Co-Defendant driver, JASON R. HOFFMAN;

f.     To have his agents, servants, and/or employees, including but not limited to CO-Defendant, JASON R. HOFFMAN operate the motor vehicle in many other respects as provided by law.

g.     To respect the rights of the motor vehicle in which the Plaintiff was a driver and to respect the rules of the road in such case made and provided.

40.     Defendant(s), JOHN DOES 1-5 (fictitious owners, true identities unknown), through various agents, servants, and/or employees, failed and neglected in many other respects to operate, manage and drive the motor vehicle as provided by law.

41.     As a direct and proximate result of the aforementioned negligence of the Defendant(s), JOHN DOES 1-5 (fictitious owners, true identities unknown), the Plaintiff, BERNARDO MEDINA-VILORIO sustained severe and painful injuries and was bruised, wounded and contused about the head, body and limbs, both externally and internally, specifically sustaining injuries including but not limited to his neck, lower back, and arms. Therefore, he was rendered sick, sore, lame and disabled and suffered a shock to her nervous system, and was diseased and disordered, and was compelled to endure great pain, suffering

mental anguish, and was otherwise grievously, painfully and severely injured, some of which injuries he is informed and believes to be permanent in nature and was unable and will be unable to attend her regular duties and functions, thereby suffering loss and has expended considerable sums of money for medical, hospital and psychological care and attention.

WHEREFORE, the Plaintiff, BERNARDO MEDINA-VILORIO demands judgment against the Defendant(s), JOHN DOES 1-5 (fictitious owners, true identities unknown) for damages, interest, costs of suit and other such relief the Court may deem just and equitable.

KOULIKOURDIS AND ASSOCIATES
Attorneys for Plaintiff,

Dated: October 18, 2021.

BY: PETER J. KOULIKOURDIS, ESQ.

## JURY DEMAND

Plaintiff herewith demands a trial by jury on all issues so triable.

KOULIKOURDIS AND ASSOCIATES
Attorneys for Plaintiff,

Dated: October 18, 2021.

BY: PETER J. KOULIKOURDIS, ESQ.

## DESIGNATION OF TRIAL COUNSEL

Peter J. Koulikourdis is Certified by the New Jersey Supreme Court as a Certified Civil Trial Attorney and, as such, pursuant to rule 4:25-4, Peter J. Koulikourdis is hereby designated as trial counsel for the Plaintiff.

KOULIKOURDIS AND ASSOCIATES
Attorneys for Plaintiff,

Dated: October 10, 2021.

BY: PETER J. KOULIKOURDIS, ESQ.

## DEMAND FOR ANSWERS TO FORM C AND C (1) INTERROGATORIES

Plaintiff hereby demands that each defendant(s) provide answers to Form C and Form

C (1) interrogatories within the time prescribe by the rules of the court.

KOULIKOURDIS AND ASSOCIATES
Attorneys for Plaintiff,

Dated: October 18, 2021.

BY: PETER J. KOULIKOURDIS, ESQ.

## CERTIFICATION PURSUANT TO R.1:38-7(b)

I certify that all confidential personal identifiers have been redacted from the within

pleading submitted to the Court, and will be redacted from all future pleadings and/or

documents submitted to the Court in accordance with R.1:38-7(b).

KOULIKOURDIS AND ASSOCIATES
Attorneys for Plaintiff,

Dated: October 18, 2021.

BY: PETER J. KOULIKOURDIS, ESQ.

## RULE 4:5-1 CERTIFICATION

The matter in controversy is not the subject of any other action pending in any Court

or of a pending arbitration proceeding and no other action or arbitration proceeding is

contemplated. There are no other parties known to Plaintiff who should be joined in this

action.

KOULIKOURDIS AND ASSOCIATES
Attorneys for Plaintiff,

Dated: October 18, 2021.

BY: PETER J. KOULIKOURDIS, ESQ.

# Civil Case Information Statement

## Case Details: PASSAIC | Civil Part Docket# L-003286-21

Case Caption: MEDINA-VILORIO BERNARDO VS
HOFFMAN JASON

Case Initiation Date: 10/18/2021

Attorney Name: JOSEPH ALEXANDER TAKACH

Firm Name: KOULIKOURDIS & ASSOCIATES

Address: 45 HUDSON STREET
HACKENSACK NJ 07601

Phone: 2014896644

Name of Party: PLAINTIFF : Medina-Vilorio, Bernardo

Name of Defendant's Primary Insurance Company
(if known): None

Case Type: AUTO NEGLIGENCE-PERSONAL INJURY (NON-
VERBAL THRESHOLD)

Document Type: Complaint with Jury Demand

Jury Demand: YES - 6 JURORS

Is this a professional malpractice case?  NO

Related cases pending: NO

If yes, list docket numbers:

Do you anticipate adding any parties (arising out of same
transaction or occurrence)? NO

Are sexual abuse claims alleged by: Bernardo Medina-Vilorio? NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
#### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

Do parties have a current, past, or recurrent relationship? NO

If yes, is that relationship:

Does the statute governing this case provide for payment of fees by the losing party? NO

Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:


Do you or your client need any disability accommodations? NO
    If yes, please identify the requested accommodation:


Will an interpreter be needed? NO
    If yes, for what language:


Please check off each applicable category: Putative Class Action? NO  Title 59? NO  Consumer Fraud? NO


I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

10/18/2021
Dated

/s/ JOSEPH ALEXANDER TAKACH
Signed